NEW ENGLAND JEWELRY COMPANY *vs.* TARRANT MERRIAM.

If a purchaser of land conveys it in mortgage at the same time when he acquires his own title, and as a part of the same transaction, he acquires no right of homestead therein against the mortgagee.

A mortgagee's title to land is not merged or extinguished by purchasing the equity of redemption and giving up the mortgage note, as against an intervening title by levy, if it was not intended to operate as a payment, and the mortgage has not been discharged.

A mortgagee of land in possession after condition broken may defend against an action at law by the owner of the equity of redemption, if the mortgage has not been discharged; although the mortgage debt has been satisfied. The only remedy against him is in equity.

WRIT OF ENTRY. The demandants claimed title to the premises under the levy of an execution against James F. Eddy. The tenant claimed under a mortgage from Eddy, given before the date of the attachment in the suit on which the execution issued, and under a deed of quitclaim given afterwards. At the trial in the superior court, certain facts were found by the jury upon which *Lord,* J. was of opinion that the action could not be maintained, and a verdict was taken by consent for the tenant, and the demandants alleged exceptions. The facts are stated in the opinion.

*P. C. Bacon,* for the demandant.

*F. H. Dewey,* for the tenant.

HOAR, J. The facts stated in the bill of exceptions show that one Nourse was the owner of the demanded premises, subject to a mortgage to the defendant for $1100; that James F. Eddy in 1857 purchased them of Nourse, agreeing to assume and pay the mortgage; and that, at the time when the deed from Nourse to him was delivered, the mortgage from Nourse to the defendant was discharged, and Eddy made a new note and mortgage to the defendant for the same amount. The objection made by the plaintiff to the validity of the mortgage, on account of its supposed contravention of the provisions of law relating to the right of homestead, is therefore unavailing. Although the deed of Nourse to Eddy was of an earlier date than the mortgage by Eddy to the defendant, it had no operation until it was delivered; and as the mortgage was executed simultaneously with the delivery of the deed, Eddy could acquire no right of homestead against the mortgage, because he did not live upon the premises with any title to them, until after the mortgage had taken effect. We can have no doubt that where a mortgage is made simultaneously with the purchase of land, and as a part of the same transaction, no intervening right of homestead is created in the mortgagee. The attachment by the plaintiff, in pursuance of which his levy upon the premises was afterwards perfected, and to which it relates, was made in January 1858. The defendant's title by mortgage was therefore good against the levy. In February 1858 the

defendant received from Eddy a quitclaim deed of the premises, for which he paid $100, and gave up his mortgage note. The first instalment of interest had not been paid, and the condition of the mortgage was therefore broken. The defendant took possession of the premises, and has ever since retained it. The plaintiff contends that this operated as an extinguishment of the mortgage. The mortgage note was returned to the defendant since the commencement of the action, with a line drawn through the maker's name; and the jury have found that the mortgage debt was not paid, that the parties did not intend the transaction to operate as a discharge of the mortgage, and that the defendant intended to rely upon the mortgage as a part of his title, when he took the quitclaim deed.

These facts present a conclusive answer to the plaintiff's right to maintain the action, upon two grounds. In the first place, the mortgage and the equity of redemption would not merge, on account of the intervening interest in the plaintiff. But further, the defendant took possession of the mortgaged premises after condition broken. Without a discharge or reconveyance by him, his legal estate remains, notwithstanding the mortgage debt might have been afterwards paid or satisfied. And although under such circumstances he could not maintain an action to recover possession, because no conditional judgment could be entered; yet, being in possession, the only remedy against him is in equity, and not at law.

*Exceptions overruled.*